

1  SAO
   THOMAS E. WINNER
2  Nevada Bar No. 5168
   CAITLIN J. LORELLI
3  Nevada Bar No. 14571
   ATKIN WINNER & SHERROD
4  1117 South Rancho Drive
   Las Vegas, Nevada 89102
5  Phone (702) 243-7000
   Facsimile (702) 243-7059
6  twinner@awslawyers.com
   clorelli@awslawyers.com



FILED
ENTERED
NOV 15 2018
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

*Attorneys for GEICO Casualty Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVDA

| | |
|---|---|
| CYNTHIA OGAZ, | CASE NO.: 2:17-cv-2443-JAD-CWH |
| Plaintiff, | |
| vs. | STIPULATION AND ORDER REGARDING PRE-TRIAL MOTIONS *IN LIMINE* PURSUANT TO EDCR 2.47 |
| GEICO CASUALTY COMPANY; DOES I-X and ROE CORPORATIONS I-X, inclusive, | ECF No. 36 |
| Defendants. | |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel of record, Plaintiff CYNTHIA OGAZ, by and through her counsel of record DAVID MOORE, ESQ. of EDWARD M. BERNSTEIN & ASSOCIATES, and Defendant GEICO CASUALTY COMPANY, by and through its attorney of record, THOMAS E. WINNER, ESQ., of ATKIN WINNER & SHERROD, and pursuant to EDCR 2.47, on September 11, 2018, counsel in this matter conferred regarding their proposed Motions *in Limine*.

During the EDCR 2.47, the parties were able to resolve and agree on several of their proposed Motions *in Limine*. As such, the Motions *in Limine* to which the parties agree are set forth below. The parties will not file Motions *in Limine* regarding the topics set forth below in

Section I and further, the parties will not introduce any evidence of or make any comment regarding these topics at trial. Furthermore, the Motions *in Limine* that the parties were not able to agree to are also set forth below in Section II and the Court may anticipate the filing of these Motions *in Limine*.

## I. STIPULATED MOTIONS *IN LIMINE*

A. **Plaintiff's Presented Motions *in Limine***

1. Absent an Attorney Referral to a Treating Physician, Defendant Will Not Mention When Plaintiff Retained Counsel.

B. **Defendant's Presented Motions *in Limine***

1. Prohibit the Parties from Introducing Evidence Outside the Content of Their Discovery Responses.
2. Exclude Evidence of Speculative Future Damages.
3. Exclude Evidence, Reference to, or Testimony that the Parties Filed Motions *in Limine*.
4. Preclude Reference to the "Golden Rule" Argument.
5. Preclude Any Reference, Testimony, or Other Evidence Regarding Settlement Negotiations.
6. Preclude Lay Witnesses from Offering Expert Opinions.
7. Exclude Lay, Non-Party Witnesses from the Courtroom During the Testimony of Other Witnesses.
8. Exclude Introduction of Testimony or Reports of Any Expert, Non-Retained or Retained, Not Properly Listed as Potential Witnesses to Be Called at Trial and Who Are Not Testifying.
9. Exclude the Testimony of Any Witness or Party Not Properly Identified in Plaintiff's Discovery Responses.
10. Preclude Arguments Before the Jury Suggesting or Inferring That the Jury is Tasked with

Policing the Community.
11. To Preclude *Voir Dire* Questions, Trial Argument, or Comment Suggesting this Trial is About Safety or Community Protection.
12. Preclude Arguments Before the Jury Suggesting or Inferring that the Jurors Should Complain About One Another During Deliberations If They Cannot Agree on "Following the Law."
13. To Preclude Plaintiff from Claiming Damages from the Manner in Which Defendant's Attorney Defended the Suit.
14. To Permit Defense Experts to Answer Relevant Hypothetical Questions in Trial.
15. To Preclude Reference Before the Jury that Plaintiff was Damaged or Harmed by Plaintiff Suggested "Safety Rules" Violation on the Part of Defendant.
16. To Exclude or Redact the Traffic Accident Report, Exclude Traffic Citations, and to Prevent Police Officers from Giving Opinions as to Fault, Causation, or Damages.
17. To Prevent Plaintiff from Presenting Irrelevant and/or Unfairly Prejudicial Demonstrative Evidence at Trial.
18. To Exclude the DMV Driver's Handbook and Other DMV Publications.
19. To Prohibit Plaintiff from Injecting Medical Malpractice into the Subject Case.
20. To Admit Photos and Damages Estimates for the Vehicles in a Low-Impact Case.
21. Preclude Counsel from Making Improper Arguments.
    a. *Meaning, no arguments outside the scope of the instant matter, no personal opinions of counsel, no arguments based on personal knowledge rather than by the evidence presented, no arguments vouching for the client's position, and no hiding opinions within visual aids.*
22. Preclude Reference to Defense Experts' Unrelated Cases.
23. Admit Evidence of Medical Liens as Evidence of Treating Doctors Potential Bias and Financial Interest.
24. Prevent Use of the Reptile Script.

25. Preclude Argument that Jurors are the "Conscience of the Community."
26. Preclude Any Reference, Testimony, or Other Evidence Regarding Financial Status or Wealth.
27. Preclude Arguments Before the Jury That They Should Consider Hypothetical Harm to Plaintiff Rather Than the Actual Provable Damages.

## II. MOTIONS *IN LIMINE* THE PARTIES CANNOT AGREE TO AND WHICH THE COURT MAY ANICTIPATE THE FILING OF

### A. Plaintiff's Presented Motions *in Limine*

1. Preclude Defendant from Referring to Plaintiff's Treatment as Attorney-Driven Care.
2. Preclude Defendant from Arguing Plaintiff has Secondary Gain Motives or is a Malingerer.

### B. Defendant's Presented Motions *in Limine*

1. Preclude Reference to the Alleged Impairment of the Tortfeasor.
2. Any Argument by Plaintiff that Defendant Has Avoided Responsibility to Compensate Plaintiff for Alleged Damages is Irrelevant and Outside the Scope of the Pleadings.
3. Preclude Plaintiff from Suggesting Defendant Had Any Individual Ability to Investigate Plaintiff's Medical History.
4. Preclude Plaintiff's Non-Retained Treating Physicians from Offering Expert Opinions Formed Outside of Their Care and Treatment of Plaintiff.

//
//
//
//

DATED this ___ of September, 2018

EDWARD BERNSTEIN & ASSOCIATES

_____
David M. Moore, Esq.
Nevada Bar No. 8580
500 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff
CYNTHIA OGAZ

DATED this 20 of September, 2018

ATKIN WINNER & SHERROD

_____
Thomas E. Winner
Nevada Bar No. 5168
Caitlin J. Lorelli
Nevada Bar No. 14571
1117 South Rancho Drive
Las Vegas, Nevada 89102
Attorneys for Defendant
GEICO CASUALTY COMPANY

## ORDER

Based on the parties' stipulation [ECF No. 36] and good cause appearing, IT IS HEREBY ORDERED that the court will enforce the following STIPULATED IN LIMINE AGREEMENTS at trial:

Plaintiff's # 1

Defendant's ## 3, 5, 10, 11, 12, 13, 15, 18, 19, 23, 25, 26 & 27.

The court declines to issue an in limine order for the other issues stipulated by the parties either because the matters or issues are too vague to properly enforce, or these are merely requests to enforce the Federal Rules of Evidence, as the court intends to do. Regardless of whether the issue is the subject of an in limine order or not, any party who believes that an argument, statement, or question during trial is improper must make a timely and supported objection at trial to have it addressed.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 13, 2018